UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael D. Smith,

Plaintiff,

v.

Civ. No. 01-1301 (JNE/JGL)
ORDER

UnumProvident Corporation and The Paul Revere Life Insurance Company,

Defendants.

---

Thomas DeVincke, Esq., Bonner & Borhart LLP, appeared for Plaintiff Michael D. Smith.

C. John Jossart, Esq., Krass Monroe P.A., appeared for Defendants UnumProvident Corporation and The Paul Revere Life Insurance Company.

---

This is an action for breach of disability-insurance policies brought by an insured, Michael Smith, against his insurers, UnumProvident Corporation and The Paul Revere Life Insurance Company (collectively, Defendants). Smith alleges that Defendants failed to provide him with benefits to which he was entitled under the policies. The case is before the Court on Smith's Motion for Summary Judgment and Defendants' Motion for Partial Summary Judgment. For the reasons set forth below, the Court grants both motions in part.

## I. BACKGROUND

Smith, a spine surgeon, purchased disability-insurance policies from Defendants in 1989, 1990, and 1992. After injuring his own spinal cord in 1997, Smith applied for and received total disability benefits. In 1999, he returned to his surgical practice on a limited basis. Following Smith's return to work, Defendants took the position that he was no longer totally disabled. Instead, they regarded him as residually disabled, and requested information to calculate his benefits under the policies' residual disability benefits provisions. Specifically, they asked for

JUN 17 2003

information regarding Smith's income from independent medical examinations and patent royalties. Smith did not provide the requested information, and Defendants stopped making payments under the policies. Smith then brought this action.

The parties' motions seek an interpretation of the policies. Smith also moves for summary judgment on his claim for breach of contract. The Court's review of the record reveals that Smith has failed to adequately brief the issues necessary to resolve his motion on the claim for breach of contract. The Court declines to speculate as to whether he is entitled to summary judgment on that claim. Accordingly, the Court will only address the parties' arguments relating to the interpretation of the policies.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

At the core of the parties' dispute is whether Smith's income from independent medical examinations and patent royalties falls within the policies' definition of "Monthly Earnings." The relevant provision states:

> "Monthly Earnings" means Your salary, wages, commissions, bonuses, fees, and income earned for services performed. If You own any portion of a business or profession, it means:
>
> a. Your share of the income earned by that business or profession;
>
> b. Less Your share of business expenses which are deductible for Federal income tax purposes;
>
> c. Plus Your salary and any contributions to a pension or profit sharing plan made on Your behalf.
>
> Monthly Earnings does not include:
>
> a. Income from deferred compensation plans, disability income policies, or retirement plans; or
>
> b. Income not derived from Your vocational activities.
>
> We will allow either the cash or accrual accounting method. But during a Disability, the same method must be used when determining Loss of Earnings.

It is undisputed that Smith owns the business through which he receives income from patent royalties and independent medical examinations. Thus, the income falls within the policies' general definition of Monthly Earnings, and the only issue is whether the exclusion for "[i]ncome not derived from . . . vocational activities" applies.

The parties agree that Minnesota law governs this case. Under Minnesota law, the interpretation of an insurance policy is a question of law. *Thommes v. Milwaukee Ins. Co.*, 641 N.W.2d 877, 879 (Minn. 2002); *Haarstad v. Graff*, 517 N.W.2d 582, 584 (Minn. 1994). If the language of the policy is unambiguous, it must be given its plain and ordinary meaning. *Thommes*, 641 N.W.2d at 880; *Medica, Inc. v. Atl. Mut. Ins. Co.*, 566 N.W.2d 74, 77 (Minn.

1997). "On established facts, '[i]nsurance coverage issues are questions of law for the court.'" *N.K.K. by Knudson v. St. Paul Fire & Marine Ins. Co.*, 555 N.W.2d 21, 24 (Minn. Ct. App. 1996) (quoting *State Farm Ins. Cos. v. Seefeld*, 481 N.W.2d 62, 64 (Minn. 1992).

The language of the exclusion for non-vocational activities is unambiguous. Vocational means "[o]f or relating to a vocation." *The American Heritage Dictionary of the English Language* 2000 (3d ed. 1992). A vocation is "[a] regular occupation, especially one for which a person is particularly suited or qualified." *Id.* Derive means "[t]o obtain or receive from a source." *Id.* at 504. Accordingly, the policies exclude from Monthly Earnings income that is not obtained or received from activities relating to a regular occupation. Having interpreted the relevant policy provisions, the Court turns to whether Smith's income from independent medical examinations and patent royalties is derived from his vocational activities.

With respect to Smith's income from patent royalties, it is clear from the record that the income is not derived from his vocational activities. He does not develop surgical devices on a regular basis. The device for which Smith earns royalties was developed in the early 1990s. He is entitled to a royalty for each device sold, and his right to receive royalties does not depend on his performance of any services. For these reasons, Smith's royalties are not obtained or received from activities relating to a regular occupation.

As to Smith's income from independent medical examinations, it is clear from the record that the income is derived from his vocational activities. His medical training qualifies him to perform the examinations. He used to perform the examinations two days per month. Currently, he conducts them one day per month. Thus, he performs the examinations on a regular basis. For these reasons, the income from independent medical examinations is obtained or received from activities relating to a regular occupation.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Partial Summary Judgment [Docket No. 21] is GRANTED IN PART and DENIED IN PART.

2. Smith's Motion for Summary Judgment [Docket No. 15] is GRANTED IN PART and DENIED IN PART.

3. The policies include Smith's income from independent medical examinations in his Monthly Earnings.

4. The policies exclude Smith's income from patent royalties from his Monthly Earnings.

Dated: June 17, 2003

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK