UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 01-1301 JEL/JGL

Michael D. Smith,

Plaintiff,

vs.

UnumProvident Corporation and
The Paul Revere Life Insurance Company,

Defendants.

**STIPULATION OF FACTS**

The above-entitled parties, by and through their undersigned counsel, hereby stipulate to the following facts:

1. In 1989, 1990, and 1992 Plaintiff Michael D. Smith ("Smith") purchased three separate individual disability income policies from The Paul Revere Life Insurance Company ("UNUM"), Policy No. 0102588399, Policy No. 0102407185 and Policy No. 0102454784 (the "Policies").

2. Policies 0102407185 and 0102454784 define Residual Disability as of the commencement date to mean that due to injury or sickness:

   a. Your Loss of Earnings is equal to at least 20% of Your Prior Earnings while you are engaged in Your Occupation or another occupation; and

   b. You are under the regular care and personal care of a Physician.

3. Policy 0102588399 defines Residual Disability as of the first commencement date to mean that due to injury or sickness:

   a. You incur a loss of earnings while You are engaged in Your Occupation or another occupation; and

b. You are receiving Physician's Care. We will waive the right if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You; and

c. You are not Totally Disabled.

4. The Policies indicate that for Residual Disability benefits, the monthly amount UNUM will pay is calculated as follows:

$$\frac{\text{Loss of Earnings}}{\text{Prior Earnings}} \times \text{Maximum Monthly Amount}$$

5. "Loss of Earnings" under Policies 0102407185 and 0102454784 means an insured's Prior Earnings less Monthly Earnings for the month for which Residual Disability is claimed. This difference must be due to the injury or sickness causing the Residual Disability. If the Loss of Earnings for any month is 80% or more of Prior Earnings, UNUM will deem the loss to be 100% of Prior Earnings.

6. "Loss of Earnings" under Policy No. 0102588399 means an insured's Prior Earnings less Monthly Earnings for the month for which Residual Disability is claimed. This difference will be considered Loss of Earnings to the extent it is due to the injury or sickness which caused the disability. The Loss of Earnings must be at least 20% of Prior Earnings. If the Loss of Earnings for any month is 75% or more of Prior Earnings, UNUM will deem the loss to be 100% of Prior Earnings.

7. "Prior Earnings" under Policies 0102407185 and 0102454784 is defined as the greater of the following:

a. Your average Monthly Earnings for the 6 calendar months just before Your Disability began; or

b. Your highest average Monthly Earnings for any 2 successive years during the 5-year period just before Your Disability began.

8. Prior Earnings is defined under Policy No. 0102588399 as the greater of the following:

a. Your average Monthly Earnings for the year just before Your Disability began; or

b. Your highest average Monthly Earnings for any 2 successive years during the 5-year period just before Your Disability began.

9. All three definitions of Prior Earnings contain the following language:

Starting as of the first Review Date, We will make an inflation adjustment to Your Prior Earnings. We will multiply Your Prior Earnings by the CPI Factor. The result will be used until the next Review Date to compute Residual Disability benefit amounts payable. However, the inflation adjustment increase will be at least 7% of Your Prior Earnings amount.

10. The Policies all define "Monthly Earnings" to mean:

Your salary, wages, commissions, bonuses, fees, and income earned for services performed. If You own any portion of a business or profession, it means:

a. Your share of the income earned by that business or profession;

b. Less Your share of business expenses which are deductible for Federal income tax purposes;

c. Plus Your salary and any contributions to a pension or profit sharing plan made on Your behalf.

Monthly Earnings does not include:

a. Income from deferred compensation plans, disability income policies, or retirement plans; or

b. Income not derived from Your vocational activities.

We will allow either the cash or accrual accounting method. But during a Disability the same method must be used when determining Loss of Earnings.

11. The Policies also contain substantially the same proof of loss provision:

Written proof of loss must be sent to us within 90 days after the end of a period for which You are claiming benefits. If that is not reasonably possible, Your claim will

> not be affected. But, unless You are legally incapacitated, written proof must be given within one year.
>
> We can also require reasonable proof from You of Your:
>
> a. Prior Earnings; and
>
> b. Monthly Earnings for the month for which Disability is claimed.
>
> This may include personal and business tax returns, financial statements, accountant's statements or other proof acceptable to Us. We can have an audit performed as often as is reasonably required while Your claim is continuing. Such an audit will be at Our expense.

12. Smith submitted a written Claimant's Statement for Disability Benefits for long-term disability benefits to UNUM on or about October 10, 1997.

13. UNUM has paid Smith Disability Benefits through December 2004.

14. Smith initiated an action in Hennepin County District Court which UNUM removed to the United States District Court for the District of Minnesota.

15. The parties brought cross-motions for summary judgment before The Honorable Joan N. Ericksen.

16. On June 17, 2003, Judge Ericksen issued her Order for Summary Judgment (the "Order").

17. Judge Ericksen determined that the exclusionary language for non-vocational activities under the definition of Monthly Earnings in the Policies was unambiguous.

18. Judge Ericksen determined that Smith's patent royalty income should not be included in the definition of Monthly Earnings in the Policies.

19. Judge Ericksen determined that Smith's IME income should be included in the definition of Monthly Earnings in the Policies.

20. UNUM has paid Smith residual disability benefits through 2004 consistent with Judge Erickson's decision. UNUM will consider payment of further Residual Disability benefits to Smith upon receipt of the required written proof of loss.

21. The parties have three remaining issues to be determined by the Court relating to the residual disability benefits UNUM has paid Smith:

- Is the 7% annual increase referenced in the definition of Prior Earnings in the Policies calculated using a simple or compound interest.
- What is the proper number of paychecks to include in the calculation of Smith's Prior Earnings under the Policies.
- Is UNUM equitably estopped from claiming that Smith's IME income must be included in the calculation of Monthly Earnings under the Policies.

Dated: 11/23/05

**BONNER & BORHART LLP**

s/ Thomas F. DeVincke
Thomas F. DeVincke (ID No. 0301759)
1950 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612-313-0711)
Attorneys for Plaintiff

Dated: 11/23/05

**KRASS MONROE, P.A.**

s/ John Harper III
John Harper III (ID No. 41397)
C. John Jossart (ID No. 295048)
8000 Norman Center Drive, Suite 1000
Minneapolis, MN 55437
Telephone: (952) 885-5999
Attorneys for Defendants
jharper@krassmonroe.com
twagener@krassmonroe.com

G:\WPDATA\U\UNUMPROVIDENT 10363\038-SMITH.M\PLD\STIPULATION OF FACTS.DOC