UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD A. TURNER,

Plaintiff,

v.

Case No. 03-75180

UNUMPROVIDENT CORPORATION,

Honorable Patrick J. Duggan

Defendant.

______________________________/

## JUDGMENT

This matter currently is before the Court on Plaintiff's motion for summary judgment, Defendant's motion to dismiss or, alternatively, for summary judgment, and Plaintiff's cross-motion for summary judgment. For the reasons set forth in an Opinion and Order issued by the Court on this date,

**IT IS ORDERED AND ADJUDGED** that the Complaint is **DISMISSED**.

PATRICK DUGGAN

PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

AUG 30 2004

Copies to:
Matthew Turner, Esq.
K. Scott Hamilton, Esq.

A TRUE COPY
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
BY ______ DEPUTY CLERK

EXHIBIT
1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD A. TURNER,

Plaintiff,

v. Case No. 03-75180

UNUMPROVIDENT CORPORATION, Honorable Patrick J. Duggan

Defendant.

_________________________________/

A TRUE COPY
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
BY [signature]
DEPUTY CLERK

**OPINION AND ORDER**

At a session of said Court, held in the U.S. District Courthouse, City of Detroit, County of Wayne, State of Michigan, on AUG 30 2004

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff brought this lawsuit claiming that Defendant has incorrectly computed the Cost of Living Allowance ("COLA") in its monthly disability payments to him. Presently before this Court are Plaintiff's Motion for Summary Judgment, Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment, and Plaintiff's Cross-Motion for Summary Judgment.[1] The Court held a hearing on Plaintiff's and Defendant's motions on

---

[1]Plaintiff initially filed a motion for summary judgment on May 28, 2004. On June 15, 2004, Defendant filed a motion to dismiss or, alternatively, for summary judgment. On July 1, 2004, Plaintiff filed his cross-motion for summary judgment as part of his response

August 19, 2004.

In his motion, Plaintiff claims that since COLA was compounded by 7% per year in this Court's previous Judgment awarding disability benefits to Plaintiff, that judgment bars Defendant from now denying that COLA should be compounded. Plaintiff therefore asks this Court to enter summary judgment in his favor. In his "cross-motion for summary judgment," Plaintiff contends he is entitled to summary judgment even if the Court concludes that res judicata does not apply based on the clear language of his insurance policy. In its motion, Defendant claims that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it "alleges no cognizable claim or cause of action" and thus fails to state a claim upon which relief can be granted. *See* Def.'s Mot. at 1. In the alternative, Defendant claims that if Plaintiff's claim is construed as one for breach of contract, it is time-barred by the applicable statute of limitations.

**Procedural Background**

On May 21, 1996, Plaintiff filed an action in this Court seeking benefits under a disability insurance policy (the "policy" or "disability insurance policy") issued by Paul Revere Life Insurance Company ("Paul Revere"), currently a wholly owned subsidiary of Defendant UnumProvident Corporation.[2] *See Turner v. Paul Revere Life Ins. Co.*, Civil

---

to Defendant's motion to dismiss.

[2]Plaintiff also sued the Equitable Life Assurance Society ("Equitable Life"), seeking benefits under its disability insurance policy. Equitable Life's payments to Plaintiff are not

Case No. 96-72694 (E.D. Mich.). On May 11, 1998, following a bench trial, this Court issued an Opinion and Order finding that Plaintiff had become totally disabled in December 1994, and thus was entitled to receive disability benefits from Paul Revere. On July 28, 1998, this Court entered a Judgment for Plaintiff requiring Paul Revere *inter alia* to pay Plaintiff $551,097.14 for benefits owed through July 15, 1998. Although Plaintiff's right to the COLA adjustment set forth in the policy was not litigated before this Court, COLA was compounded by the parties in arriving at the amount Paul Revere owed Plaintiff.

Plaintiff filed his Complaint in this case on December 4, 2003, claiming that since 1998 Defendant has failed to compound the COLA by 7% per year as required by the disability insurance policy. Plaintiff alleges that Defendant therefore has incorrectly computed the amount of monthly disability benefits it owes him.

**Standards of Review**

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule

---

at issue in the current lawsuit.

56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

## Analysis

### Plaintiff's First Motion for Summary Judgment

While Plaintiff relies on the doctrine of res judicata in support of his motion for

summary judgment, Plaintiff's argument is more properly dealt with as a matter of issue preclusion. Res judicata precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. *See, e.g., Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003)(citing *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970 (1979)). Issue preclusion bars relitigation of an issue.

> Issue preclusion or collateral estoppel applies when the following criteria are met:
>
> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Verizon North Inc. v. Strand*, 367 F.3d 577, 583 (6th Cir. 2004)(quoting *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999)). The party asserting issue preclusion has the burden of proving that these criteria are met. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir. 1981)(citation omitted).

While COLA may have been compounded in calculating Plaintiff's award for purposes of this Court's prior Judgment, Plaintiff fails to show that at any point in the prior lawsuit the parties litigated and this Court decided the issue of whether COLA should be compounded. Plaintiff does not point to any pleading, testimony, or argument where this issue was discussed. In fact, it appears from Plaintiff's motion that he merely submitted a proposed judgment to Paul Revere setting forth the amount of benefits owed, including COLA on a compounded basis, and Paul Revere never objected to the amount.

*See* Pl.'s Br. at 8.

The original litigation focused exclusively on whether Plaintiff was disabled and therefore entitled to receive disability benefits. The issue of whether COLA should be compounded in subsequent payments to Plaintiff was never litigated or decided and Paul Revere did not have a full and fair opportunity to litigate the issue. The doctrine of collateral estoppel or issue preclusion therefore does not apply and Plaintiff is not entitled to judgment as a matter of law.

**Defendant's Motion to Dismiss Based on Plaintiff's Failure to State a Claim**

Defendant contends that Plaintiff's Complaint must be dismissed because his allegations of "res judicata" fail to state a claim upon which relief may be granted. The Court agrees that Plaintiff's Complaint fails to state a cause of action to the extent that it relies on the doctrine of "res judicata" as the basis for the relief sought.[3] However, at the hearing on August 19, 2004, Plaintiff moved to amend his Complaint to expressly assert a claim for breach of contract and this Court granted Plaintiff's request. On August 26, 2004, Plaintiff filed his First Amended Complaint. Plaintiff's Amended Complaint sets forth the essential elements of a breach of contract claim.

---

[3]Arguably the original complaint by making reference to the insurance contract was asserting a claim for breach of contract. Defendant recognized this possibility and addressed a "breach of contract" theory in its pleadings in support of its motion to dismiss and in opposition to Plaintiff's motion for summary judgment.

**Plaintiff's "Cross-Motion" for Summary Judgment**

Plaintiff contends that the clear language of the policy's COLA Rider provides for compounded interest. In the alternative, Plaintiff argues that if the policy is ambiguous it must be construed against Defendant. Without analyzing the language of the policy, Defendant simply contends that the policy does not say COLA is to be compounded annually. *See* Def.'s Mot. to Dismiss at 11 n.2.

The policy's Cost of Living Indemnity– Total and Residual Disability Benefit Rider provides in relevant part:

> We will pay an added benefit during Your continuous Disability if:
>
> 1. Such Disability starts prior to age 65; and
> 2. The Total or Residual Disability benefit is payable under the Policy to which this rider is added; and
> 3. The Disability continues more than 365 days.
>
> This benefit will start on the 366th day of the Disability. This benefit will be paid monthly. The amount We will pay starts at 7 percent of the Base Amount. The Base Amount is the monthly amount of the Total or Residual Disability benefit payable under Your Policy. The Base Amount shall also include any benefit payable under a Supplemental Social Insurance Benefit Rider added to Your Policy. We will later add 7 percent of the Base Amount to the monthly amount of this benefit. We will do this on each anniversary of Your Disability, after the first, while it continues.

*See* Def.'s Mot. to Dismiss, Ex. 1. Plaintiff contends that the use of the word "starts" in the sentence providing "[t]he amount We will pay starts at 7 percent of the Base Amount," implies that this amount is going to increase. The word "starts" is obviously

referring to the word "amount," i.e., the COLA benefit. The balance of the pertinent provision, in fact, does provide for an "increase" in the benefit. The provision specifically provides, "We will later *add* 7% of the base amount to the monthly amount of this benefit. We will do this on each anniversary of Your Disability, after the first, while it continues." In this Court's opinion, the word "starts" simply means that the first year that an insured is eligible for the COLA benefit, he or she will have 7% added to the base amount.

Further support for this Court's conclusion that the policy does not call for compounding the COLA is the specific language which states that "We will later add 7% of the *Base Amount* to the monthly amount of this benefit. The "Base Amount" is defined as "the monthly amount of the total or residual disability benefit payable under the policy." Because the Base Amount is the fixed amount to which the insured is entitled under the policy, a plain reading of this provision indicates that Defendant only is required to add 7% to that fixed amount each year. Therefore, in this Court's opinion, the policy requires that the insured receive an increase in the COLA benefit of 7% of the Base Amount each year. The policy does not require that the 7% increase be compounded.

**Defendant's Motion to Dismiss Based on the Statute of Limitations**

Defendant moves to dismiss Plaintiff's Complaint arguing that Plaintiff's claim is barred by the statute of limitations. Because the Court does not believe that Plaintiff is

entitled to relief under the terms of the policy, the Court sees no need to discuss the arguments with respect to this issue at length. Suffice it to say that this Court is satisfied that Plaintiff's claim is not barred by the statute of limitations. This Court is satisfied that Michigan's six-year statute of limitations for breach of contract claims applies rather than the three-limitation period set forth in Section 10.4 of the Policy. Furthermore, the Court is satisfied that if Defendant's payments to Plaintiff were not consistent with the insurance policy, each "deficient" payment would raise an independent cause of action triggering the six-year period of limitations. *See Harris v. Allen Park*, 193 Mich. App. 103, 107, 483 N.W.2d 434 (1992); *Adams v. City of Detroit*, 232 Mich. App. 701, 705-06, 591 N.W.2d 67, 69 (1998).

## CONCLUSION

Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be denied. Defendant's motion for summary judgment based on the statute of limitations shall be denied. Plaintiff's motion for summary judgment based on "res judicata" shall be denied. Finally, this Court denies Plaintiff's cross-motion for summary judgment on its breach of contract claim that, as a matter of law, the policy

requires that the COLA be compounded. Therefore, Plaintiff's Complaint shall be dismissed.[4]

**SO ORDERED.**

PATRICK DUGGAN

PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Matthew Turner, Esq.
K. Scott Hamilton, Esq.

[4]Both parties agree that whether or not the policy requires that the COLA be compounded is an issue of law. Because the Court has concluded, as a matter of law, that Plaintiff is not entitled to have the COLA payments compounded, Plaintiff's Complaint must be dismissed.