# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT. 20

| | | |
|---|---|---|
| DATE: 01/30/04 | | |
| HONORABLE HALEY J. FROMHOLZ | JUDGE | P. SOLIS DEPUTY CLERK<br>D. VALENCIA, CSL/CT ASST. |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #1 | Deputy Sheriff | KARL SHIRES CSR#11531 Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC290702 | Plaintiff Counsel | Timothy Morris (x) |
| | RICHARD M NIETO<br>VS<br>THE PAUL REVERE LIFE INSURANCE COMPANY | Defendant Counsel | Robert McKennon (x)<br>Robert Hess (x) |

**NATURE OF PROCEEDINGS:**

MOTION OF DEFENDANT, THE PAUL REVERE LIFE INSURANCE COMPANY FOR SUMMARY JUDGMENT CONTINUED FROM 1-27-04.

Matter is called for hearing.

Motion is granted as more fully reflected in the Court's Order signed and filed this date and incoporated herein by reference.

Case Management Conference date of February 3, 2004 is advanced to this date and vacated.

Counsel for defendant is directed to submit a proposed judgment within 5 days.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above stated orders of 1-30-04 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

MINUTES ENTERED
01/30/04
COUNTY CLERK



EXHIBIT
2

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RICHARD NIETO<br><br>Plaintiff,<br><br>vs.<br><br>PAUL REVERE LIFE INSURANCE<br><br>Defendant | Case No.: BC290702<br><br>ORDER |

ORIGINAL FILED
JAN 3 0 2004
LOS ANGELES SUPERIOR COURT

Motion of Defendant, Paul Revere Life Insurance Company, for Summary Judgment

Motion is granted.

Plaintiff sues defendant insurance company for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging that Moving Party has failed to pay Responding Party's Cost of Living Adjustment ("COLA") on a compounded basis as required by the COLA Rider. (Ex. 2 to Appendix of Exhibits in Support of Motion). Moving Party moves for Summary Judgment, arguing that the COLA Rider provides for a simple increase calculation, which it has been using since 1997.

CCP § 437c(c) "requires the trial judge to grant summary judgment if all the evidence submitted, and 'all inferences reasonably deducible from the evidence' and uncontradicted by other inferences or evidence, show that there

is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Adler v. Manor Healthcare Corp.* (1992) 7 Cal.App.4th 1110, 1119.

"A defendant… has met his or her burden of showing that a Cause of Action has no merit if that party has shown that one or more elements of the Cause of Action, even if not separately pleaded, cannot be established, or that there is a complete defense to that Cause of Action. Once the defendant… has met that burden, the burden shifts to the plaintiff… to show that a triable issue of one or more material facts exists as to that Cause of Action or a defense thereto." CCP §437c(o)(2).

The relevant facts in this action are largely undisputed. Rather, the parties dispute the interpretation of the COLA Rider included in the Insurance Contract. The interpretation of an insurance contract is a question of law. *Waller v Truck Ins. Exchange* (1995) 11 Cal.4th 1.

The rules governing policy interpretation require Courts to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it. *Id.* The court will not look further unless the provision is capable of two or more constructions, both of which are reasonable. *Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.*, 5 Cal. 4th 854, 867.

The plain meaning of the contract language at issue is that a simple increase method applies. The relevant language of the Rider is as follows:

"…We will pay a COLA Benefit if you are disabled. This benefit is added to Your other Policy benefits.

"If You are Totally Disabled, this benefit is determined by multiplying the Monthly Benefit for Total Disability by the COLA Factor." (Rider p.2)

(It is undisputed that the applicable "COLA Factor" is 4%. Statement of Undisputed Facts, No. 21.)

"'Monthly Benefit for Total Disability' means the sum of the monthly amounts payable at any given time, for the Total Disability benefit. This includes any Supplemental Social Insurance Benefit rider that may be added to your Policy.

"These amounts are shown on Your Policy Schedule. This rider does not change them. They are the amounts to which this rider applies a cost of living adjustment." (Rider p. 1)

Responding Party argues that COLA benefits are to be included in the Monthly Benefit for Total Disability and should be part of the amount multiplied by the COLA Factor. He bases this argument on the language: "We will pay a COLA benefit if you are disabled. This benefit is added to your other policy benefits." Responding Party ignores that "Monthly Benefit for Total Disability" is a term that is capitalized and defined two paragraphs before the above language, and is used in its capitalized and defined form in the paragraph immediately following the above language. If the COLA benefit were intended to be added to and become part of the "Monthly Benefit for Total Disability," that term would have been used in the language quoted immediately above. Since it was not, it is evident that "other policy benefits" is not intended to have the same meaning as the defined term.

Thus, it is apparent that when the rider states that the Monthly Benefit for Total Disability is multiplied by the COLA factor, it does not intend to include the COLA benefit as part of the multiplicand.

This conclusion is fortified by the language that "this rider does not change them." (The amounts included in the Monthly Benefit for Total Disability). Moreover, while Responding Party argues that "a contract cannot be interpreted in a manner which would render one of its terms meaningless" (citation omitted), he does not deal with this provision in his argument.

Moving Party also argues that the COLA rider is unambiguous as a matter of law, under Ins. Code §10291.5, but cites no case to that effect. Indeed, the treatise Moving Party cites in support of this proposition with a partial quotation, goes on to state: "however, no known case has so held." Croskey, et. al. Cal. Prac. Guide: Ins. Lit. (The Rutter Group 2003).

Moving Party also argues that Responding Party's claim is barred by the four-year statute of limitations. However, Moving Party cites no California case, dealing with a disability policy, to the effect that the insured has one cause of action that arises when the insurer first applies the wrong payment calculation, as opposed to a separate cause of action for each payment.

Further, apart from summarily dismissing it (Reply p. 8, lines 11-12), Moving Party does not respond to Responding Party's argument that it is estopped to assert the Statute of Limitations because of its failure to disclose it at the time it began paying COLA benefits. Responding Party argues that such disclosure is required by Cal. Code of Regulations Title 10, §2695.4(a).

It is not necessary for the Court to rule on the parties' evidentiary objections because the declarations to which they are directed were not reached or considered.

Dated: January 30, 2004

JUDGE HALEY J. FROMHOLZ

HALEY J. FROMHOLZ

JUDGE OF THE SUPERIOR COURT