Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.
FRANKLIN OUTDOOR ADVERTISING COMPANY, Respondent,
v.
James HOVANETZ, Appellant.
**No. C8-95-736.**

Dec. 5, 1995.

John R. Stoebner Jacqueline A. Mrachek David A. Harbeck Lapp, Laurie, Libra, Abramson & Thomson, Chartered One Financial Plaza, Suite 1800 120 South Sixth Street Minneapolis, MN 55402

William R. Skolnick Mark V. Steffenson One Financial Plaza, Suite 1510 120 South Sixth Street Minneapolis, MN 55402-1826

Before PETERSON, Presiding Judge, and SCHUMACHER and KLAPHAKE, JJ.

UNPUBLISHED OPINION

SCHUMACHER, Judge.

***1** Appellant James Hovanetz challenges summary judgment on his counterclaims against respondent Franklin Outdoor Advertising Company for breach of contract, nuisance, and tortious interference with business relations. We affirm.

FACTS

In 1978, Franklin Outdoor negotiated a written contract to lease for $200 per year a small parcel of property on which it placed a 10-by 40-foot outdoor advertising sign. The agreement had a 10-year term with a renewal clause giving Franklin Outdoor the option of annually renewing the lease for up to 10 more years.

In 1980, Franklin Outdoor began paying $400 annually on the lease. Four years later, Hovanetz purchased the property on which the leased property was situated. Hovanetz contends that the $400 payment was only one term of a new oral agreement between the parties that also included relinquishment of Franklin Outdoor's option rights and a stipulation that the maximum size of any sign was to be 10 by 40 feet.

In 1988, Franklin Outdoor placed a 14-by 48-foot v-shaped sign on the property. Hovanetz contends that this act breached the parties' understanding of the 1978 lease agreement or the agreement as orally modified, created a nuisance, and tortiously interfered with his business relations. He appeals to this court from summary judgment in favor of Franklin Outdoor.

DECISION

On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990); *see Admiral Merchants Motor Freight v. O'Connor & Hannan,* 494 N.W.2d 261, 265 (Minn.1992).

On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted.

*Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). A fact is material if its resolution affects the outcome of the case. *Zappa v. Fahey,* 310 Minn. 555, 556, 245 N.W.2d 258, 259-60 (1976).

1. Franklin Outdoor contends that the statute of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
tabbies
4

frauds bars all of Hovenetz's claims because the 1978 written lease agreement controls the rights and responsibilities of the parties. We agree.

The statute of frauds requires that any contract for the leasing of land for more than one year be in writing. Minn.Stat. § 513.05 (1978). Likewise, any modification of a real estate lease of more than one year must be in writing. *Alexander v. Holmberg,* 410 N.W.2d 900, 901 (Minn.App.1987). The purpose of the statute of frauds is to prevent the enforcement of contracts that were never made. *Doyle v. Wohlrabe,* 243 Minn. 107, 110, 66 N.W.2d 757, 761 (1954).

An oral contract otherwise subject to the statute of frauds, may be enforced under some circumstances.

> To inhibit perversion of this policy by those who would deny an oral contract actually made, the statute itself permits enforcement of an oral contract if there exists a note or memorandum as evidence of the contract.

***2** *Radke v. Brenon,* 271 Minn. 35, 38, 134 N.W.2d 887, 890 (1965). In this case, no memorandum of the alleged 1980 oral modification exists.

In addition, a court may consider parol evidence of subsequent conversations which alter the terms of a contract to determine if the parties have orally modified a contract. *Nord v. Herreid,* 305 N.W.2d 337, 339-40 (Minn.1981). However, evidence of a subsequent oral modification

> must be clear and convincing to justify setting aside a written contract and holding it as abandoned or substituted by a subsequent parol contract at variance with its terms.

*Duffy v. Park Terrace Supper Club, Inc.,* 295 Minn. 493, 498-99, 206 N.W.2d 24, 28 (1973).

Hovanetz contends that Franklin Outdoor's increased payment from $200 to $400 is evidence of an oral modification. We disagree. The increased payment is not sufficiently clear and convincing proof of a wholly modified contract to justify setting aside the 1978 written lease. Moreover, parties may contract orally to alter the manner of their performance (including the amount of payment) without invoking the strictures of the statute of frauds. *Thoe v. Rasmussen,* 322 N.W.2d 775, 777 (Minn.1982).

Nor do we hold any exception to the statute of frauds applies in this case. Hovanetz contends that even if the statute of frauds would otherwise govern the alleged 1980 oral modification, the facts of this case indicate that part performance, equitable or promissory estoppel, or the option contract term removes the modification from the purview of the statute. We discuss each of these three exceptions below.

One party's acts may constitute part performance sufficient to avoid operation of the statute of frauds. *In re Huesman,* 354 N.W.2d 860, 863 (Minn.App.1984).

> "[W]here the relationship of the parties, as shown by their acts rather than by the alleged contract, cannot reasonably be explained except by reference to some contract between them, the oral contract is taken out of the statute of frauds and may be specifically enforced."

*Id.* (quoting *Burke v. Fine,* 236 Minn. 52, 55, 51 N.W.2d 818, 820 (1952)). We reject Hovanetz's argument that actions by Franklin Outdoor are unequivocally referable to the alleged 1980 oral modification. Indeed, they are equally consistent with the 1978 lease agreement. Thus, the part performance exception to the statute of frauds does not apply.

An agreement may be removed from the statute of frauds by promissory or equitable estoppel. *Norwest Bank Minn. v. Midwestern Mach. Co.,* 481 N.W.2d 875, 880 (Minn.App.1992), *review denied* (Minn. May 15, 1992).

> Promissory estoppel will be found where a party makes a promise knowing another party reasonably relies and acts upon that promise, and the promise must be enforced to avoid injustice.

*Id.* However, the doctrine of promissory estoppel is inapplicable when an actual contract exists. *Del Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 283, 230 N.W.2d 588, 593 (1975). As with promissory estoppel, equitable estoppel requires detrimental reliance. *Olson v. Ronhovde,* 446 N.W.2d 690, 693

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(Minn.App.1989).

***3** Hovanetz offers no facts to support any contention that he relied on the alleged 1980 oral modification. He merely states that a jury "could find" that he and the property's former owner relied on Franklin Outdoor's alleged promise that it would relinquish its renewal options. Summary judgment is proper "when the nonmoving party fails to provide the court with specific facts indicating that there is a genuine issue of fact." *Hunt v. IBM Mid Am. Employees Fed. Credit Union,* 384 N.W.2d 853, 855 (Minn.1986). Hovanetz's assertions alone are not sufficient to survive summary judgment on a theory of either promissory or equitable estoppel.

"[A]n option agreement is a unilateral contract and as such is not within the statute of frauds." *Duffy,* 295 Minn. at 498, 206 N.W.2d at 27 (citing *Shaughnessy v. Eidsmo,* 222 Minn. 141, 145-46, 23 N.W.2d 362, 365 (1946)). Relying on the *Shaughnessy* rule, Hovanetz contends that Franklin Outdoor's alleged relinquishment of its option to renew in the purported 1980 oral modification is not subject to the statute of frauds. In other words, Hovanetz argues that the removal of an option clause need not be in writing to be enforceable and that such removal renders the entire oral modification enforceable. Not only does Hovanetz's twist on the rule suggest that the omission of the term could have been in writing in the first place, Hovanetz's reliance on *Shaughnessy* is misplaced. The Minnesota Supreme Court has said that its *Shaughnessy* decision "can be misleading to the unwary." *Rooney v. Dayton-Hudson Corp.,* 310 Minn. 256, 265 n. 5, 246 N.W.2d 170, 175 n. 5 (1976). If an option contract term is relied on to establish a part of an overall contract that is otherwise subject to the statute of frauds, "it had better be in writing." *Id.*

2. Hovanetz contends that Franklin Outdoor has breached the 1978 lease agreement in three ways: (1) by materially changing the size and design of the billboard; (2) by failing to notify him or receive his permission to make the change; and (3) by refusing to remove or relocate the billboard at his request.

By its express terms, the contract did not mention any of these conditions. Hovanetz argues, however, that the lease is ambiguous and capable of the interpretation he gives it: that, at the time of the contract, the parties agreed to only one design for the billboard, the 10-by 40-foot sign like the one in the schematic drawing. We reject this argument.

"A contract is ambiguous if it is *reasonably* susceptible to more than one interpretation." *Modern Heating & Air Conditioning v. Loop Belden Porter,* 493 N.W.2d 296, 301 (Minn.App.1992) (citing *Employers Liab. Assurance v. Morse,* 261 Minn. 259, 264, 111 N.W.2d 620, 624 (1961)). Whether a contract is ambiguous is a question of law. *Id.* Not mentioning the size and design of the sign does not of itself make the lease agreement ambiguous.

3. Hovanetz contends that Franklin Outdoor's billboard constitutes a nuisance because the current billboard interferes with his use and enjoyment of his property.

***4** An action for private nuisance is a statutory right.

> Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered.

Minn.Stat. § 561.01 (1994). Even though the statute defines a nuisance in terms of its resultant harm rather than in terms of the conduct causing the harm, "there must be some kind of conduct causing the nuisance harm which is 'wrongful' " *Highview N. Apartments v. County of Ramsey,* 323 N.W.2d 65, 70- 71 (Minn.1982).

Franklin Outdoor contends that because it is acting in accordance with its rights under the 1978 lease agreement, its conduct cannot be deemed wrongful. We agree. Because the 1978 lease agreement does not preclude Franklin Outdoor from erecting the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

14-by 48-foot sign, Franklin Outdoor has committed no wrongful conduct. Hovanetz's nuisance claim cannot survive summary judgment.

4. Hovanetz contends that Franklin Outdoor has tortiously interfered with its prospective business relations by obstructing the view of his business property from potential customers. As with the nuisance claim, Franklin Outdoor argues that its conduct cannot be tortious if it is acting in accordance with its rights under the 1978 lease agreement. We agree.

> To establish a claim of tortious interference with a prospective business relationship, a plaintiff must prove the defendant intentionally committed a *wrongful act* which improperly interfered with the prospective relationship.

*Hunt v. University of Minn.*, 465 N.W.2d 88, 95 (Minn.App.1991) (emphasis added) (citing *United Wild Rice, Inc. v. Nelson,* 313 N.W.2d 628, 633 (Minn.1982)).

5. Hovanetz contends that by adopting Franklin Outdoor's memorandum, the district court has failed to take the facts in the light most favorable to him and has thus committed reversible error.

Regardless whether the district court's procedures were irregular, they do not constitute reversible error, and this court may still affirm the decision. *See, e.g., Schweich v. Ziegler, Inc.*, 463 N.W.2d 722, 728 (Minn.1990) (stating, "We will not reverse a correct decision simply because it is founded on incorrect reasons."); *Myers through Myers v. Price,* 463 N.W.2d 773, 775 (Minn.App.1990) (holding that summary judgment will be affirmed "if it can be sustained on any grounds"), *review denied* (Minn. Feb. 4, 1991).

Affirmed.

Not Reported in N.W.2d, 1995 WL 711125 (Minn.App.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.