**H**

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.
MULLER FAMILY THEATRES, Appellant,
v.
Edward B. MCMENOMY, JR., et al., Respondents.
**No. C3-97-2091.**

Aug. 11, 1998.
Review Denied Oct. 20, 1998.

Dakota County District Court File No. C79410284.

Peter H. Grills, Michael D. O'Neill, Elizabeth I. Goodpastor, O'Neill, Grills & O'Neill, P.L.L.P., 1250 Minnesota World Trade Center, 30 East Seventh St., St. Paul, MN 55101-4901 (for appellant).

George C. Hoff, Paula A. Callies, Hoff, Barry & Kuderer, P.A., 7901 Flying Cloud Dr., Suite 260, Eden Prairie, MN 55344-7914 (for respondents).

Considered and decided by KLAPHAKE, Presiding Judge, DAVIES, Judge, and SHUMAKER, Judge.

UNPUBLISHED OPINION

DAVIES, Judge

*1 Appellant challenges the trial court's summary judgments and directed verdicts on all but one of appellant's claims, and denial of a new trial or judgment notwithstanding the verdict on the claim that went to trial.

Respondents assert that the trial court erred in not finding the mayor to be protected by official immunity, that the jury's answer to a special verdict question is not supported by the record, and that the jury's determination of damages is speculative.

We affirm in part, but reverse the denial of appellant's new trial motion on its claim of tortious interference with prospective business advantage and remand that claim for retrial.

FACTS

In March 1993, appellant Muller Family Theatres (Muller) approached respondent City of Rosemount (the city) with a proposal to construct a theater complex on a privately owned site. At the suggestion of respondent Edward McMenomy (McMenomy), then Rosemount's mayor, Muller submitted a second proposal locating the theater in the city's proposed business park.

In July 1993, Guetschoff Theatres, Inc. (GTI), contacted the city and the Rosemount Port Authority (port authority) indicating that it, too, was interested in developing a theater complex in the city. The port authority initially passed a motion stating that it would not consider any other theater proposal until it determined whether an agreement could be reached with Muller, but the authority subsequently decided to request proposals from both Muller and GTI. After both submitted proposals for theaters in the business park, the port authority conditionally awarded the project to Muller.

The city council, however, later tabled proposed zoning amendments necessary for Muller's theater in the business park, approved a preliminary plat of GTI's project on private property, and authorized the necessary approvals for the GTI project. GTI began construction and Muller abandoned its attempt to build a theater.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
S

Muller then filed suit, asserting claims under 42 U.S.C § 1983 and the Minnesota Constitution against the city, port authority, and McMenomy; contract and promissory and equitable estoppel claims against the city and port authority; negligence, negligent misrepresentation, and reckless misrepresentation claims against the city, port authority, and McMenomy; and claims of tortious interference with contract and prospective business advantage against McMenomy alone.

The federal district court granted summary judgment on the section 1983 claim and remanded the case to state court. Many of the state law claims were resolved in an unpublished opinion issued by this court in 1996. *Muller Family Theaters v. McMenomy,* No. C3-96-296, 1996 WL 469346 (Minn.App. Aug.20, 1996), *review denied* (Minn. Nov. 20, 1996). The claims surviving against McMenomy were negligence, negligent and reckless misrepresentation, and tortious interference with prospective business advantage. The claims remaining against the city and port authority were promissory and equitable estoppel. On remand, the city and port authority moved for summary judgment as to the estoppel claims. The trial court granted that motion.

***2** A trial was held on the claims remaining against McMenomy. Upon McMenomy's motion, the trial court directed a verdict as to the claims for negligence, negligent misrepresentation, and reckless misrepresentation. A single claim, tortious interference with prospective business advantage, was submitted to the jury. The jury returned a special verdict, finding that McMenomy had intentionally and improperly interfered with Muller's prospective contract. The jury determined that Muller suffered and will suffer $4,282,087 in past and future damages. But the jury also found that McMenomy's interference did not cause Muller's damages. The trial court therefore entered judgment for McMenomy; it denied Muller's motion for judgment notwithstanding the verdict (JNOV) or new trial. This appeal followed.

DECISION

I. Summary Judgment on Estoppel Claims

The trial court granted summary judgment to the city and port authority on Muller's promissory and equitable estoppel claims. On appeal from summary judgment, the appellate court must consider whether genuine issues of material fact exist and whether the trial court erroneously applied the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The reviewing court must consider "the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

A. Promissory Estoppel

To find promissory estoppel the court must analyze whether: (1) there was a "clear and definite promise"; (2) the promisor intended to induce reliance; and (3) such reliance occurred. *Ruud v. Great Plains Supply, Inc.,* 526 N.W.2d 369, 372 (Minn.1995). Recovery also requires a showing "that the promise is one that might reasonably induce the promisee's action or inaction." *Faimon v. Winona State Univ.,* 540 N.W.2d 879, 882 (Minn.App.1995), *review denied* (Minn. Feb. 9, 1996).

Respondents argue that the trial court was correct in stating that recovery of damages in estoppel cases is "limited to actions involving private parties, or to cases involving a governmental entity and a competitive bidding process." We disagree. The supreme court has stated that "[p]romissory estoppel, like equitable estoppel, may be applied against the state to the extent that justice requires." *Christensen v. Minneapolis Mun. Employees Retirement Bd.,* 331 N.W.2d 740, 749 (Minn.1983). Further, in *Telephone Assocs., Inc. v. St. Louis County Bd.,* 364 N.W.2d 378, 383 (Minn.1985), the supreme court did not, as the trial court suggested, specifically limit promissory estoppel damage awards against a government entity to cases involving competitive bidding.

We nonetheless affirm the trial court's summary judgment on the promissory estoppel claim because Muller has not established that the city or the port authority made "a clear and definite promise" to Muller as required by *Ruud.* At oral argument,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Muller's counsel could not describe a specific promise, and the record does not show a promise. Without this element, Muller's claim for promissory estoppel failed. Thus, although the trial court erred in its reasoning, it did not err in granting summary judgment on the issue of promissory estoppel. *See Myers Through Myers v. Price,* 463 N.W.2d 773, 775 (Minn.App.1990) ("We will affirm the judgment if it can be sustained on any grounds."), *review denied* (Minn. Feb. 4, 1991).

B. Equitable Estoppel

***3** A promise is, of course, not required for equitable estoppel. E. Allan Farnsworth, *Contracts* § 6.12 (1982). But respondents' equitable estoppel claim fails for a different reason. The trial court held that money damages are never recoverable on an equitable estoppel claim, relying on *Snyder v. City of Minneapolis,* 441 N.W.2d 781, 790-91 (Minn.1989). In that case, the supreme court refused to permit recovery in money damages on a theory of estoppel, holding that estoppel " '*does not furnish a basis for damages claims* ' " and stating that " 'estoppel is * * * a shield, not a sword.' " *Id.* (quoting Dan B. Dobbs, *Law of Remedies,* § 2.3 at 42 (West 1973)) (emphasis added).

Here, Muller seeks money damages from the city and the port authority. Based on *Snyder's* holding that money damages are not recoverable in equitable estoppel actions, the trial court did not err in determining that Muller cannot recover such damages by an equitable estoppel claim. The trial court properly granted summary judgment on this issue. [FN1]

> FN1. We note that this denial of equitable estoppel damages leaves no gap in legal remedies, for fraud and negligent misrepresentation actions provide bases for money damages when a false statement causes an injury that makes such damages appropriate.

II. Claims Dismissed by Directed Verdict

When reviewing a directed verdict, an appellate court independently determines whether the evidence was sufficient to present a question of fact for the jury. *Nemanic v. Gopher Heating & Sheet Metal, Inc.,* 337 N.W.2d 667, 669 (Minn.1983).

The trial court directed a verdict in favor of McMenomy on the issues of negligence, negligent misrepresentation, and reckless misrepresentation. The trial court stated that these claims failed because the parallel claims against the city and port authority were dismissed by this court in the earlier appeal and because there was no evidence that McMenomy alone caused the harm to Muller. *See Muller Family Theaters,* 1996 WL 469346, at *4 (determining city and port authority had discretionary immunity).

Here, McMenomy's allegedly negligent and misrepresentative conduct was tied to that of the city and port authority. The decisions preliminarily approving the theater project were made by the city council or port authority. As the trial court noted, McMenomy was only one vote of five on the city council and one vote of seven on the port authority. We cannot say the trial court erred in directing a verdict in favor of McMenomy on the claims of negligence, negligent misrepresentation, and reckless misrepresentation.

III. Jury Instruction and Verdict Form

Whether to grant JNOV is a question of law. *Edgewater Motels, Inc. v. Gatzke,* 277 N.W.2d 11, 14 (Minn.1979). The reviewing court must affirm the trial court's denial of a JNOV "if there is any competent evidence reasonably tending to sustain the verdict." *Rettman v. City of Litchfield,* 354 N.W.2d 426, 429 (Minn.1984). The decision to grant a new trial lies within the discretion of the trial court, however, and will not be disturbed unless the trial court clearly abused that discretion. *Halla Nursery, Inc. v. Baumann-Furrie & Co.,* 454 N.W.2d 905, 910 (Minn.1990).

***4** It is reversible error for the trial court to give "inconsistent and contradictory instructions" on material issues. *Janke v. Duluth & Northeastern R.R. Co.,* 489 N.W.2d 545, 549 (Minn.App.1992), *review denied* (Minn. Oct. 28, 1992). While the trial court has "broad discretion in choosing the form

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

and language of jury instructions," those instructions must "fairly and adequately" contain the law applicable to the case. *Kronebusch v. MVBA Harvestore Sys.,* 488 N.W.2d 490, 496 (Minn.App.1992), *review denied* (Minn. Oct. 20, 1992).

Muller asserts that the jury's special verdict answers were inconsistent, in light of the jury instruction, and that this inconsistency required JNOV or a new trial. Muller insists that a reasonable jury, instructed as this jury was, could not have found that McMenomy intentionally and improperly interfered with prospective contractual relations while, at the same time, finding that this conduct did not cause Muller's harm.

The problem here arises from the interplay between the verdict form and the jury instructions. This was also the problem in *Janke,* where it was impossible to discern whether the jury, in calculating damages, followed the trial court's oral instructions or the special verdict form's directions, which were found to be inconsistent. 489 N.W.2d at 549. Because the instructions and the verdict form were inconsistent and contradictory, this court reversed and remanded for a new trial on the issue of damages. *Id.*

In this case, the trial court first instructed the jury by reciting verbatim the CIVJIG 681 instruction on interference with prospective advantage:

> Interference with prospective advantage occurs when one person intentionally and improperly interferes with another person's prospective contractual relation. The interference may consist of (1) inducing or otherwise *causing* a third person not to enter into or continue the prospective relation or (2) *preventing* the other person from acquiring or continuing the prospective relation.

4 *Minnesota Practice,* CIVJIG 681 (Supp.1997) (emphasis added). But the special verdict form submitted to the jury asked ambiguously:

> 1. Did Defendant Edward B. McMenomy, Jr., intentionally and improperly interfere with Plaintiff Muller Family Theatres' prospective contractual relation?
>
> 2. Did Defendant Edward B. McMenomy, Jr.'s intentional and improper interference cause Plaintiff Muller Family Theatres damages?

The jury answered "yes" to the first question and "no" to the second question.

If it applied the definition of "interference" from the trial court's oral instructions, the jury, to find that McMenomy interfered with Muller's prospective advantage, had also to find that McMenomy's actions caused whatever damages Muller incurred from the lost relationship. This would make the special verdict answers inconsistent and irreconcilable.

*5 Because it is impossible for us to determine whether the jury followed the trial court's instructions or the thrust of the special verdict form, we must, as in *Janke,* reverse and remand for a new trial on the claim of tortious interference with prospective business advantage. [FN2]

> FN2. *Because of our decision on this issue, we do not address Muller's other arguments supporting its claim that the trial court erred by not entering a JNOV or ordering a new trial.*

We note that the amount of damages must be resolved anew on remand. Although the jury answered the damages questions, the jury was not asked what specific amount of damages resulted from McMenomy's interference. Instead, the jury was asked "[w]hat sum of money will fairly and adequately compensate Plaintiff Muller Family Theatres" for present and future damages. It is impossible to determine whether the jury's conclusion reflected damages traceable only to McMenomy's actions.

IV. Respondents' Issues

Respondents filed a notice of review and requested that this court address three additional issues in the event that we reversed the trial court on the issues raised by Muller.

Respondents' first two arguments are that the jury's damages award was speculative and that the evidence did not support the jury's finding that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

McMenomy intentionally and improperly interfered with Muller's prospective business relations. We decline to decide these issues, finding it impossible to answer either question without speculating on what record will be made on remand. The evidence on retrial is not likely to duplicate the record before us now.

Respondent McMenomy also insists that the trial court erred by not dismissing all claims against him based on official immunity and erred by not ruling on this issue. In the earlier interlocutory appeal this court affirmed the trial court's determination that there was a jury question as to "whether [McMenomy] wilfully and maliciously used his position of power to interfere with respondent's prospective business relations." *Muller Family Theaters,* 1996 WL 469346, at *4. The question of malice (and, therefore, immunity) is a factual issue that was not answered at trial. We are, therefore, not in a position to answer it on this appeal. An inquiry and determination as to malice is necessary on remand.

Affirmed in part, reversed in part, and remanded.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.