UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Michael D. Smith,

Plaintiff,

-vs-

UnumProvident Corporation and
The Paul Revere Life Insurance Company,

Defendants.

Court File No. 01-1301 (JNE/AJB)

REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT

---

Michael D. Smith submits this reply memorandum of law in opposition to Defendants' motion for judgment.

A. <u>The Unreported Case Law Cited By UNUM Actually Supports Smith's Position</u>.

UNUM relies on the unreported cases of *Turner v. UNUMProvident Corporation* and *Nieto v. The Paul Revere Life Insurance Company*, two cases from foreign jurisdictions. Defs.' Brief, pp 12-13. While these cases are obviously not precedential, they actually support Smith's position with respect to the proper calculation of his Prior Earnings.

The *Nieto* case is particularly instructive because it demonstrates exactly how UNUM could have obviated any ambiguity in the Policies at issue in this lawsuit. In *Nieto*, the policy at issue stated: "Monthly Benefit for Total Disability means the sum of the monthly amounts payable at any

given time, for the Total Disability benefit. This includes any Supplemental Social Insurance Benefit rider that may be added to your policy. These amounts are shown on Your Policy Schedule. This rider does not change them. *They are the amounts to which this rider applies a cost of living adjustment*." *Nieto* at 3.

Emphasis added.

In this case, the Policies do not specify that the COLA adjustment will be applied only to the base schedule amounts. Instead, the Policies in this case specifically denote that the interest adjustment will be carried forward for future use. Specifically the Policies provide that "We will multiply Your Prior Earnings by the CPI Factor. *The result will be used until the next Review Date to compute Residual Disability benefit amount payable.*

In *Turner*, the plaintiff's insurance policy had a COLA rider that increased the benefit amount itself - a different situation than the one presently before the Court. *Turner*, at 7. Here, the COLA adjustment increases only the calculation of Smith's Prior Earnings - not his monthly benefit. Further, the policy language at issue in *Turner* is not identical to Smith's insurance policies. In *Turner*, the policy did not expressly provide that the adjusted calculation would be carried forward for future use.

UNUM's interpretation of Smith's policy could mean that each year the same Prior Earnings number is increased by 7%. Stated another way, one could read UNUM's argument on page 11 of its brief to mean that Prior Earnings is adjusted once and never again. This interpretation would directly contradict the Policies' language that calls for an annual inflation adjustment.

B. UNUM's Version Of Events Establishes Their Inconsistent Administration Of Dr. Smith's Claim For Benefits.

UNUM states that in late 1999, Smith returned to surgical practice but that it wasn't until August 29, 2000, some ten months later, that Smith was considered residually disabled for purposes of benefit claim administration. UNUM Memo., p. 7. Accordingly, it was not Smith's return to practice that motivated UNUM to change its administration of Smiths' claim. The Court should consider this evidence in determining whether to estop UNUM from its unilateral reversal in the interpretation and administration of Smith's claim for disability income benefits.

C. The Court Should Reject UNUM's Argument With Respect To The Calculation Of Smith's Prior Earnings.

Again UNUM's own argument proves Dr. Smith's point. UNUM maintains that the language "6 calendar months before your disability began" means January through June 1997. In fact, if that were the case, UNUM should have drafted the policy to read "6 calendar months before the month in which your disability began." UNUM did not exclude consideration of the month in which the disability occurred. Accordingly, both the January 6th paycheck and the July 3rd paycheck are includable in the determination of Dr. Smith's Prior Earnings because each is within six months of Dr. Smith's disability that occurred on July 3, 1997.

Yet again, UNUM asks this Court to resolve an ambiguity that it created in UNUM's favor. The law governing interpretation of insurance policies, however, requires the opposite. Accordingly, because the ambiguity at issue must be resolved in Dr. Smith's favor, both the January 6th and July 3rd paychecks should be included in the calculation of his Prior Earnings.

## Conclusion

For all of the foregoing reasons, Dr. Michael Smith requests that this Court enter judgment in his favor and estop Unum from including IME income in the calculation of Smith's "Monthly Earnings." Further, Smith requests this Court enter judgment in his favor and declare that the Policies provide for a compounding 7% increase in the calculation of Prior earnings, and that both the January 6, 1997, paycheck and July 3, 1997, paycheck are includable in the calculation of Smith's Prior Earnings.

Respectfully submitted,

Dated: January 27, 2006.

**BONNER & BORHART LLP**

By /s/ Thomas F. DeVincke
Thomas F. DeVincke (#301759)
1950 U.S. Bank Plaza
220 South Sixth Street
Minneapolis, MN 55402-4511
Telephone (612) 313-0735
***Attorneys for Plaintiff Michael D. Smith***